IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTO THOMPSON, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 4:CV-07-584 |
| | : (Judge Jones) |
| UNITED STATES OF AMERICA, | : |
| Defendant | : |

## MEMORANDUM

February 19, 2008

### I.  Background

This *pro se* action pursuant to the Federal Tort Claims Act ("FTCA") was filed by Plaintiff Roberto Thompson, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"). Named as sole Defendant is the United States of America. Service of the Complaint was previously ordered.

Thompson states on June 5, 2006 and July 17, 2006, USP-Allenwood officials illegally confiscated his legal mail and failed to provide him with a confiscation slip. The legal mail is described as being criminal docket sheets which had been provided by the United States District Court. See Doc. 1, ¶ IV(2). Plaintiff generally claims that he was injured by not having direct access to his

docket sheets during his post-sentence appeal.[1] Attached to the Complaint is a copy of a February 15, 2007 written denial of Plaintiff's administrative tort claim. He seeks compensation in the amount of $254,000.00.

Presently pending before this Court is the Defendant's motion to dismiss the complaint. The motion (Doc. 12) has been fully briefed and is ripe for consideration.

## II. Discussion

Defendant states that it will accept as true the Plaintiff's allegations that USP-Allenwood correctional officers confiscated his criminal docket sheets on June 5, 2006 and July 17, 2006. See Doc. 14, p. 7. It claims entitlement to an entry of dismissal on the grounds that: (1) sovereign immunity has not been waived; and (2) the Plaintiff has not shown that the Federal Bureau of Prisons ("BOP") breached its duty or that he suffered any actual damages.

### A.    Standard of Review

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver,

---

[1] Plaintiff also indicates that the confiscation of his criminal docket sheets violated both his due process and access to the courts rights. However, since his present complaint is labeled as **solely** seeking relief under the FTCA, this Court will not address any contentions that prison officials violated Thompson's constitutional rights. If Thompson so chooses, he may assert such contentions against any appropriate individual federal official(s) via a properly filed civil rights complaint.

2

82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[W]hen a complaint adequately states a claim, it may not be dismissed on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 (2007).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that *pro se* complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). This Court will now discuss the pending motion to dismiss in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

B.   **Sovereign Immunity**

Defendant's initial argument contends that the Plaintiff's claims should be dismissed for lack of jurisdiction under the provisions of 28 U.S.C. § 2680 (c). See Doc. 14, p. 5. Specifically, it is asserted that the Defendant is entitled to sovereign immunity because BOP staff are considered to be law enforcement officers for purposes of § 2680(c) and Plaintiff's claim is premised upon the detention of property.

Absent explicit waiver of sovereign immunity, the United States is generally immune from suit.[2] United States v. Mitchell, 445 U.S. 535, 538 (1980). The FTCA waives sovereign immunity and provides a remedy for persons suing the federal government for the commission of various torts. United States v. Muniz, 374 U.S. 150, 150 (1963); Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003).[3] However, § 2680(c) provides in relevant part that the FTCA is not applicable to claims "arising in respect of ... the detention of any

---

[2] This "immunity is jurisdictional in nature," FDIC v. Meyer, 510 U.S. 471, 475 (1994), and extends to government agencies and employees. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996).

[3] A plaintiff pursuing an FTCA claim must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961).

4

goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer...."

The confiscation of the Plaintiff's criminal docket sheets properly satisfies the detention of property provision of § 2680(c).[4] Further, USP-Allenwood correctional staff are properly considered to be law enforcement officers as contemplated under § 2680(c). Although there had been some disagreement among federal courts over whether correctional officers are "law enforcement officers" for purposes of § 2680(c), the Supreme Court has recently settled this question. In Ali v. Bureau of Prisons, 128 S. Ct. 831 (2008), a federal prisoner filed an FTCA claim alleging that BOP officers had lost his personal property during his transfer to another prison. The Supreme Court held that the claim was barred by sovereign immunity. The Court held that "Section 2680(c) forecloses lawsuit against the United States for the unlawful detention of property by 'any,' not just 'some' law enforcement officers" and that § 2680(c) is not limited to officers acting in a customs or excise capacity. Id. at 841. Based upon the Supreme Court's holding in Ali, the Defendant is entitled to sovereign immunity, and Thompson's FTCA claim is barred by § 2680(c).[5]

---

[4] It is noted that this is clearly not a case where the inmate's property was seized for the purpose of forfeiture. See 28 U.S.C. § 2680(c)(1)-(4).

[5] Based upon the Court's conclusion herein, a discussion as to the merits of the Defendant's alternative arguments for dismissal is unnecessary.

5

### III. Conclusion

Fore the foregoing reasons, the Defendant's motion to dismiss will be granted. Because Plaintiff's claims are barred by sovereign immunity, his complaint will be dismissed with prejudice, as amendment of his claim would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) ("[A] court should deny leave to amend if the moving party is guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile."). An appropriate order will issue.